JOSIAH TURNER *vs.* JAMES WALKER.—*December*, 1831.

Where goods taken under a *fi. fa.* have been sold for a part of the amount
due on the judgment, a *ca. sa.* cannot be legally issued for the residue,
until the sheriff has made a *final* return of the *fi. fa.* showing what has
been done with the property. This return should be in term time; if
made in the recess to the clerk's office, it is void. The same principles
apply to a *venditioni exponas.*

An action upon the case is the proper remedy against one who maliciously
procures a *ca. sa.* to be issued, and another to be arrested under it.

The foundation of such an action is malice, and a want of probable cause,
which must be proved.

The fact of malice is always a question for the jury.

Malice may be, and most commonly is, in such actions, implied from the
want of reasonable or probable cause, that being first established. But
the presumption of malice resulting from the want of probable cause is
not conclusive, and the defendant, for the purpose of rebutting the infer-
ence of malice, may be let in to show, for instance, that he acted under
the advice of counsel. The effect of such evidence, is however, for the
jury.

Evidence of the conduct and declarations of the defendant in relation to,
and in the course of the transaction—of the situation of the parties—of
the nature and extent of the injurious means resorted to by the defendant
to effect his object, and of his forwardness, zeal and activity manifested
in the procurement and use of the means employed, may properly be ad-
duced to prove malice.

It is generally true, that in an action for a malicious prosecution, or a mali-
cious arrest, malice—the want of probable cause, and also the determi-
nation of the prosecution, or of the suit in which the writ was sued out,
must be averred and proved.

But where a *vendi.* was sued out, returnable to *March,* and the sheriff in fact
executed that writ, and returned it to the clerk's office in *December,* and
the plaintiff then sued out a *ca. sa.* which was also returnable to the same
term, with the *vendi.* under which the defendant was arrested and impri-
soned in *December,* the reason for averring in an action upon the case,
the want of probable cause for the arrest, and the determination of the
suit, does not exist, and a declaration showing the facts specially, in the
absence of the ordinary averment, would be sufficient.

It is not upon the evidence, but upon the pleadings, and evidence applicable
to the pleadings, that a plaintiff can recover in any case.

Where the plaintiff, who had obtained a verdict in an action for a malicious
arrest, died pending an appeal, the court, on reversing the judgment upon
a bill of exceptions, refused a *procedendo.*

APPEAL from *Prince George's* County Court.

This was an action on the *case* brought by the appellee, against the appellant, on the 10th of January, 1827, in *Saint Mary's* County Court, and removed, upon the suggestion of the defendant, to *Prince George's* County Court.

The declaration was as follows: "For that heretofore, to wit, on the 13th of December, 1826, at, &c., the said *Josiah*, unlawfully and maliciously procured, and caused to be issued out of the clerk's office of the County Court of said county, a certain precept of the said court, commonly called a writ of *capias ad satisfaciendum*, attested by the chief judge, and certified by the clerk of the said court, under the seal of office of the said clerk, bearing date the 13th of December, 1826, directed to the sheriff of the said county, commanding him to take the body of him the said *James* into his custody, and him safely keep in his custody, by the authority of the said writ; and that the said *Josiah Turner*, then and there unlawfully and maliciously delivered the said writ to *William Williams*, the sheriff for the time being, of the said county; and then and there, unlawfully and maliciously procured, and caused the said sheriff, then and there, to arrest the said *James*, and imprison him for a long time, to wit, for the space of two months thence next ensuing the said arrest; he, the said *Josiah*, then and there pretending and declaring to the said sheriff, that the said writ was lawful and right, and fully authorised and required the said sheriff to arrest and imprison the said *James*; whereas the said *James* avers, that the said writ was unjust and unlawful, and oppressive to him, and obtained by fraud and deceit; and the said *James* in fact says, that the said *Josiah Turner* did, on the day and year last aforesaid, at the county aforesaid, unlawfully, maliciously and fraudulently, cause and procure, by the means aforesaid, the arrest and imprisonment of him the said *James*, in manner and form, and for the time aforesaid, in abuse of the legal process of the said court, and in contempt and disregard of the said court, and its authority; and in oppression of him the said *James*, to

the damage," &c. The defendant pleaded not guilty, and issue was joined.

1. At the trial the plaintiff read in evidence to the jury by consent of parties, the record of a writ of *capias ad satisfaciendum*, issued out of the clerk's office of *Saint Mary's* County Court, on the 13th of December, 1826, on a judgment in said court, at the suit of *William T. Cross & Co.* use of *Josiah Turner*, against *James Walker*. The writ recites, that on the 22d of March, 1825, a *fieri facias* had issued on said judgment, returnable to the first Monday in August then next. That on the return day of said writ, the sheriff returned that he had taken in virtue thereof, sundry real and personal estate, the property of *Walker*, which remained on hand for want of buyers, and which said goods and chattels were replevied out of his hands. It further recited, that on the 28th of August, 1826, a writ of *venditioni exponas*, issued for the sale of said real and personal property, returnable to the first Monday of March next following— which last mentioned writ, the sheriff returned on the 12th of December, 1826; that by virtue thereof he had sold the property levied on for the sum of $88 25, and which was not sufficient to satisfy the said judgment at suit of *Cross & Co.* for the use of said *Turner*. Whereupon the said sheriff was commanded, &c. At the return day of said *capias ad satisfaciendum*, to wit, on the first Monday of March, 1827, the sheriff returned the same *"cepi,"* when a motion was made by the said *Walker*, to quash the same, upon the ground that the writ of *venditioni exponas*, was returned to the clerk's office, on the 12th of December, 1826, being in in the vacation or in the recess of the court; and that on the 13th of December, 1826, the plaintiff caused the *ca. sa.* to be issued. The County Court quashed the said *ca. sa.* and discharged the defendant, *Walker*, from custody. It was agreed that the *fieri facias* and return thereto, the *venditioni exponas* and return, the *capias ad satisfaciendum* and return, and the motion to quash the same, with the proceedings thereon, should have the same effect as if the records were

inserted at large.  The plaintiff also proved that he was arrested by the sheriff of *Saint Mary's* County, on the 14th or 15th of December, in the year 1826, and kept in close custody for seven or eight days, by virtue of the said writ of *capias ad satisfaciendum*, the defendant being present at the time of the arrest, ordering it to be done, and directing the said sheriff to keep the said plaintiff in close confinement.  The plaintiff further proved by *Joseph Harris*, clerk of *Saint Mary's* County Court, that he was applied to by the defendant, on the 13th December, 1826, the day on which the *capias ad satisfaciendum* issued, to issue the same, that he objected to doing so, upon the ground that it was unusual, and would not issue the same, unless written orders were given to that effect: that such orders were given by *G. N. Causin, Esq.* the counsel for the present defendant; he the defendant being at the time present, sanctioning and approving of the orders given by the said counsel. Whereupon the defendant, by his counsel, prayed the court to instruct the jury, that the above *capias ad satisfaciendum* was legally issued, and that the plaintiff could not support his action—which instruction the court [STEPHEN, Ch. J., and KEY, A. J.] refused to give, and instructed the jury, that the said writ was issued irregularly and illegally, and that the arrest, above stated, of the plaintiff under it, was a sufficient ground to support the present action.

The defendant then prayed the court to instruct the jury, that the plaintiff, on the above evidence, could not support the present action on the case, but should have brought an action of *trespass vi et armis*, which instruction the court also refused to give; and instructed the jury, that the plaintiff was entitled to recover in the present form of action. The defendant also prayed the court to instruct the jury, 1st. That the *capias ad satisfaciendum* was legally issued; the judgment on which it was issued, being in force and unsatisfied, and the whole of the property seized under the *fieri facias* having been sold ; and the writ under which the sale had been made, having been previously returned by the

sheriff. 2d. That if the plaintiff in the suit had no right to apply for a *ca. sa.*; at the time it was issued the clerk had no authoriy to issue it, and there being no legal authority for the issuing of the same, it was a nullity. 3d. If the writ ought not to have been issued, the sheriff to whom it was directed, and who had previously made the return of the *venditioni exponas* aforesaid, was not bound to execute it. 4th. That if the said writ of *capias ad satisfaciendum*, was improperly issued by the clerk, the defendant in this suit is not answerable in damages to the plaintiff, for any act done previous to the arrest. 5th. That damages for the act of arrest, can be recovered only in an action of *trespass vi et armis*. 6th. That if the plaintiff had offered proof of any injury, which entitled him to recover damages in an action on the case for a malicious arrest, yet that the *nar.* does not entitle him to recover such damages, inasmuch as it does not state that the proceeding which is made the ground of the action, was commenced without probable cause, nor ended. 7th. That if this be an action on the case of any other description, the plaintiff cannot recover, because the injury of which he complains in the declaration, is not charged in the declaration to follow consequentially from any act of the defendant, other than that of causing the plaintiff to be arrested. 8th. That if the jury should be of opinion, from the evidence, that the defendant, when he applied to the clerk of *Saint Mary's* County Court for, and obtained the writ of *ca. sa.* aforesaid, did not believe it was illegal to issue the same, and at the time of putting the same into the sheriff's hands, he did not believe that the arrest of the plaintiff in virtue of the same would be illegal, but had been advised by his counsel, and believed that he had a right to sue out the same, and have the defendant arrested under it; and further, that the defendant, when he directed the same to be served, did not claim more than the balance *bona fide* due on said judgment, after allowing the whole sum made on the *venditioni exponas* aforesaid, then the plaintiff is not entitled to recover upon the plead-

ings and issue in this suit. 9th. That if the jury should be of opinion from the evidence, that the clerk of *Saint Mary's* County Court, upon being applied to by the defendant, refused to issue the *ca. sa.* aforesaid, and that the same was issued by the clerk aforesaid, after his refusal aforesaid, and in consequence of the directions of *G. N. Causin, Esq.*, an attorney of said court and the counsel of the defendant in that cause, then the plaintiff, upon the pleadings and issue in this cause, is not entitled to recover, although the defendant was present at the time of the issuing of the same, and repeated his request to the said clerk; and was afterwards present, at the time of the arrest of the plaintiff, and directed it, and also directed the sheriff to commit him to prison. These several instructions the court refused to give. The defendant excepted, and the verdict and judgment being against him, he brought the present appeal.

The cause was argued before Buchanan, Ch. J., Earle, and Archer, J.

*Magruder* and *Stonestreet*, for the appellant, contended, 1. That the court erred in refusing to instruct the jury that the *ca. sa.* was legally issued. 1 *Archbold, Pr.* 270. *Oviat vs. Vynar*, 1 *Salk.* 318. *Miller vs. Parnell*, 6 *Taunt.* 370. 1 *Sellon, Pr.* 535. 2. That there was error in instructing the jury, that the *ca. sa.* and the arrest in virtue of it, were sufficient to support the action ; without saying that it was necessary to prove malice, or want of probable cause, or even that they must believe any part of the testimony, in order to find a verdict for the plaintiff. 3. If the plaintiff had a right of action, and especially if he could sue and recover, without alleging and proving malice, and a want of probable cause, the action ought to have been an action for false imprisonment, *trespass vi et armis* and not an action on the case. 4. That there was error in refusing to instruct the jury, that if they were of opinion,

that the plaintiff in error, when he applied to the clerk for the writ, did not believe it was illegal to issue the same; and at the time of putting the same in the sheriff's hands, did not believe that an arrest in virtue thereof, would be illegal; but had been advised by the counsel, and believed he had a right to sue out the same, and that when he directed it to be served, did not claim more than the balance *bona fide* due, after deducting what was made on the *venditioni exponas;* then the plaintiff was not entitled to recover upon the pleadings, and issue in the cause. On the 2d, 3d, and 4th points, they referred to *Morgan vs. Hughes,* 2 *Durnf. and East.* 225, 231. *Snow vs. Allen,* 2 *Serg. and Low.* 485. *Ravenga vs. McIntosh,* 9 *Ib.* 225. 1 *Stark. Ev.* 503. *Purl vs. Duvall,* 5 *Harr. and Johns.* 69. 5. That there was error likewise, in rejecting the prayer, grounded upon the evidence in the exception, that the clerk refused to issue the writ when applied to by the defendant, and that he issued the same in obedience to directions from his counsel. 6. If the plaintiff had elected to waive the trespass, and sue for consequential damages, he was bound to have shown malice, and a want of probable cause, and that he had been legally discharged from the arrest, before he instituted his action, all of which should have been alleged in his declaration. *Towson vs. Havre De Grace Bank,* 6 *Harr. and Johns.* 47. 2 *Saund. P. Ev.* 192.

*C. Dorsey* and *Johnson,* for the appellee.

1. Is the present form of action the proper one, assuming that a right of action of some sort exists? They insisted, that in all cases, in which a party is imprisoned in virtue of process, the proper remedy against the party who causes it to be issued, is *case.* And the rule is the same, whenever process issues illegally, upon a regular judgment, whether it be against the property or person. *Hobert,* 205. *Gyfford vs. Woodgate,* 11 *East.* 297. *Elsee vs. Smith,* 18 *Serg. and Low.* 344. 2 *Saund. P. and Ev.* 651; and for the purpose of this point, the process may be considered,

as so far regular, as to have made it the duty of the sheriff to execute it. 1 *Archb.* 6, 284. *Shirley vs. Wright,* 2 *Ld. Raymond,* 775. 2 *Bac. Abr. title execution,* 709. 2. The *ca. sa.* should not have issued, until the previous process had been *finally* returned. *Wilson vs. Kingston,* 18 *Serg. and Low.* 307. A return by the sheriff in *vacation, before* the return day, cannot be a final return. The reason for the rule, that new process cannot issue until a preceding writ is finally returned, is, that the defendant may see, and object to the return, if there is ground for it. The purpose is to ascertain, if further process is necessary. It is not asserted, that a *ca. sa.* and *venditioni exponas,* can both be running at the same time, and yet in this case, the *test* day of both, is the same. At any time before the *return day* of the *venditioni exponas,* the sheriff might have changed his return, and therefore the return made upon it, when lodged in the office, in vacation, could not have been final, because then his control over it would have ceased. The *venditioni* was *returnable* process, and not returned. The case then, is one, in which an injury has been inflicted by process, maliciously set in motion by the defendant. On the face of the declaration, the arrest under the *ca. sa.* appears to have terminated. The writ being irregular, when the sheriff permitted the defendant to go at large, he was not bound to arrest him again. The arrest therefore had ended, and this appears upon the face of the declaration. It is no justification that the defendant acted by the advice of counsel if he was influenced by malice. *Ravenga vs. McIntosh,* 9 *Serg. and Low.* 225. *Hewlett vs. Cruchley,* 5 *Taunt.* 277.

Buchanan, Ch. J., delivered the opinion of the court.

Looking to the evidence in this case, it is perfectly clear, that the writ of *capias ad satisfaciendum,* on which the defendant in error is alleged to have been maliciously arrested, issued irregularly, and illegally. Where goods taken under a *fi. fa.* have been sold, for a part of the amount

due on the judgment, a *ca. sa.* cannot be legally issued for the residue, until the sheriff has made a final return of the *fi. fa.* showing what had been done with the property. For as the second writ is grounded on the first, and the return thereof, and must recite the proceedings thereon, the first must be returned before the second can issue. And it is proper and necessary to the security of the defendant, that it should be returned in term time, in order that he may have a day in court, to protect his rights. If it was otherwise, it would be in the power of a sheriff, or of a plaintiff by collusion with the sheriff, to practise great abuses. But when there is a return of the *fi. fa.* by which it is seen, what has been done with the property seized under it, there is something to control the sheriff, and to restrict the plaintiff to the amount for which he is entitled to have the body, by showing how much he has already received. A *fi. fa.* therefore, is always made returnable in term time, and cannot be otherwise legally returned. And if it be returned to the clerk's office, at any time during the recess, it is in law wholly void, and as no return, and a *ca. sa.* cannot legally be founded upon it. The same principle applies to a *venditioni exponas,* which was issued on a return by the sheriff, " that goods taken under a *fi. fa.* are on hand for the want of buyers. " And the *ca. sa.* in this case was sued out, on a return of a *venditioni exponas* to the clerk's office, during the recess of the court, which the law did not authorise.

It has been urged at bar, that the action is misconceived, and should have been *trespass vi et armis* for false imprisonment. But we think there is nothing in that objection, and that the court below did right in refusing so to instruct the jury. If the plaintiff in the appeal, did maliciously *procure* the *ca. sa.* to be issued, and the defendant to be arrested under it, case, for such malicious arrest, is the appropriate remedy, the process issuing from a court of competent jurisdiction. It is not *res nova.* The principle upon which such actions are sustained, is a familiar one in

the books, and too well settled to require to be discussed here. But the foundation of the action being malice, and a want of reasonable or probable cause, which must be proved, and the fact of malice, being always a question for the jury, the instruction, that the *ca. sa.* issued irregularly and illegally, and that the " arrest of the defendant in the appeal under it, was a sufficient ground to support the present action," was wrong, if the court intended to say, that the arrest alone, with or without malice, was sufficient to entitle him to recover; and also because it took from the jury the question of malice.

Malice may be, and most commonly is in such actions, implied from the want of reasonable or probable cause, that being first established. But the presumption of malice, resulting from the want of probable cause, is not conclusive, and the defendant, for the purpose of rebutting the inference of malice, for instance, as was attempted in this case, may be let in to show, that he acted under the advice of counsel; and whether he acted maliciously and for the purpose of oppression, or not, is a conclusion to be drawn by the jury from all the circumstances of the case. And if he can prove, or if it can fairly be inferred, from all the circumstances of the case, that he was not actuated by malice, or any improper motive, it will be an answer to the action; because it disproves that, which is of the essence of it, the malice, without which it cannot be supported. But in an action for a malicious prosecution, or a malicious arrest, as this is, it is not enough as has been supposed, for the defendant merely to show that he acted under professional advice, the want of probable cause having been first established. He may have done that, and believed that he acted legally, and yet have acted maliciously, and for the purpose of oppression. And having acted maliciously and oppressively, and without reasonable or probable cause, his belief alone, that he acted legally, will not support him in his malicious and oppressive violation of the law. However far his taking

Turner *vs.* Walker.—1831.

professional advice, would go, if standing alone, to show
the absence of malice, and a desire to act legally and cor-
rectly ; yet it is evidence only to go to the jury for that
purpose, and may be rebutted by other surrounding cir-
cumstances, the whole of which should go to the jury.

Evidence of the conduct, and declarations of the defen-
dant, in relation to, and in the course of the transaction ; of
the situation of the parties ; of the nature and extent of
the injurious means resorted to by the defendant to effect
his object, and of the forwardness, zeal, and activity mani-
fested in the procurement, and use of the means employed,
may properly be adduced to prove malice. And although,
where a party has acted *bona fide*, and without malice, un-
der professional advice and direction, which he believed to
be sound, he is not liable, notwithstanding such advice was
in fact incorrect, as malice express, or implied, must be
proved—yet he cannot shelter himself under the direction
and advice of counsel merely, against evidence of purposed
malice, or from which malice may fairly be inferred. And
whether he acted with a fair *bona fide* intention, or by what
motive he was really actuated, is always a question purely
for the consideration of the jury.

It is generally true, that in an action for a malicious
prosecution, or a malicious arrest, malice, and the want of
reasonable or probable cause, and also the determination of
the prosecution, or of the suit, in which the writ was sued
out, must be averred in the declaration, and proved at the
trial. And it is objected that the defendant in the appeal,
is not entitled to recover, under the declaration in this cause,
there being no averment, either of the want of probable
cause, or of the final disposition of the *ca. sa.* under which
he is stated to have been arrested.

As respects the manner of declaring, it seems to us, that
this is distinguishable from the case, either of an action for
a malicious prosecution, or of the ordinary action for a ma-
licious arrest. The reason why, in the former, the want
of probable cause, and the determination of the prosecution
must be averred, and proved, is, that otherwise the plaintiff

might recover in the action, and yet be guilty, and afterwards be convicted of the original charge. And in the latter, that he might recover in the action for a malicious arrest, and yet the suit in which the writ was issued, under which he was arrested, be afterwards determined against him. And thus in either case, the actual existence of probable cause established, after a recovery against a defendant who was not in fault; and against whom there could only be a recovery, in the one case, on the ground that he had no probable cause for instituting the prosecution ; and in the other, for instituting the suit. But if in this case, the *venditioni exponas*, and the irregular return of it to the clerk's office, during the recess of the court and out of term time, had been set out in the declaration, with the *capias ad satisfaciendum*, (founded upon that return and) issued before the return day of the *venditioni exponas*, under which the defendant in the appeal was arrested and put into prison—the reason requiring an averment of the want of probable cause, and of the determination of the prosecution in an action for a malicious prosecution, and of the determination of the suit in the ordinary action for a malicious arrest, would not have existed; the want of probable cause existing apart from, and not depending upon any disposition that might afterwards be made of the *ca. sa.;* and the law declaring that no *ca. sa.* can issue, before the regular and final return of the writ upon which it is founded: and the return of the *venditioni exponas*, and the recital of it in the *ca. sa.*, showing that there was no such legal return, and consequently that the *ca. sa.* was irregularly issued, and without any reasonable or probable cause. But the declaration not being so framed, and there being no averment of the want of probable cause, and of the final disposition of the *ca. sa.*, there is no cause of action shown in the declaration, on which the defendant in the appeal is entitled to recover.

It is not upon the evidence, but upon the pleadings and evidence applicable to the pleadings, that a plaintiff can recover in any case. It is therefore, always necessary,

that the declaration should set out a good and sufficient cause of action, to be judged of by the court, otherwise it is in vain to look to the evidence in the cause, upon which there can be no recovery, without a case made in the declaration. This declaration sets out no such cause of action. It merely alleges the issuing of a *ca. sa.* and that the defendant in the appeal, was arrested under it. But it does not show any irregularity in the issuing of it, nor supply the defect, by averring the want of probable cause, and the final disposition of it. And for any thing appearing in the declaration, the *ca sa.* may have been regularly issued, and the defendant in the appeal properly arrested under it. And it is only by looking out of the declaration, to the evidence stated in the record, that any cause of action can be perceived. For which reason, and also because the court instructed the jury, that the arrest of the defendant in the appeal under the *ca. sa.* was a sufficient ground to support the present action, the judgment must be reversed.

JUDGMENT REVERSED, *and the death of the appellee having been previously suggested, a procedendo was refused.*