(Decided 18th June, 1872.)

---

## Isaac Straus *vs.* Mary Ann Young.

*Malicious Prosecution—Probable cause—When Malice*
*may be inferred—Practice in the Court of Appeals*
*—Inadmissible Evidence to show absence of Malice.*

Where a party against whom a charge of larceny is preferred, is acquitted and discharged after a full investigation by the magistrate who issued the warrant for her arrest, such acquittal and discharge are *prima facie* evidence of the want of probable cause for the prosecution, sufficient to throw upon the prosecutor, in an action against him for malicious prosecution by the party against whom he made the charge, the burden of proving there was probable cause.

Malice may be inferred from the want of probable cause for a prosecution.

In an action for malicious prosecution, malice on the part of the defendant may be inferred from his zeal and activity in conducting the prosecution against the plaintiff.

An objection that there was no proof to support the hypothesis of a prayer, will not be heard in the Court of Appeals, it not appearing that such objection was distinctly made to and decided by the Court below.

Straus *vs.* Young.

The objection to a variance between the allegation of the *narr.* and the proof, should be made in the Court below by objecting to the evidence when offered, or by a prayer properly framed for that purpose; if not so made, it will not be heard in the Court of Appeals.

In an action for malicious prosecution, proof that the defendant acted under the advice of a magistrate, or other person not learned in the law, is not admissible for the purpose of showing the absence of malice.

APPEAL from the Superior Court of Baltimore City.

This was an action for malicious prosecution by the appellee against the appellant and his brothers Samuel and Leopold. The declaration contained two counts. The first alleged that the defendants appeared before John T. Gorsuch, a justice of the peace, and there falsely and maliciously, and without any reasonable or probable cause, charged the plaintiff with having feloniously stolen from them one pair of pantaloons, and upon that charge they caused the said justice to grant his warrant for her arrest, and caused the said plaintiff to be arrested and imprisoned, &c., and then caused the said plaintiff to be brought before the said justice for trial, which being had, she was fully acquitted and discharged. The second count alleged that the defendants falsely and maliciously, and without probable cause, charged the plaintiff with having committed a felony, and on that charge caused her to be arrested, &c. The plea was not guilty.

*Exception:* At the trial the plaintiff proved that the appellant, on the 7th of February, 1871, appeared before John T. Gorsuch, a justice of the peace, and made affidavit that he had given to the plaintiff five pair of pantaloons to be made, and that she had returned only four pair, appropriating one pair to her own use, and craved the protection of the law against her; that the justice of the peace accordingly issued his warrant for her arrest. The plaintiff testified that on a Saturday evening in February, 1871, she went to the store house of Straus Brothers, the defendants, to get a small balance of $1.35, due her from them, and more work; that Isaac Straus refused to pay her, but gave her two pair of pantaloons to

make, and told her to come the following Monday morning; that she called, as requested, when Isaac Straus said she had *two pair* of pantaloons, one of which she had retained since August, 1870, (not those received on the Saturday evening,) and that until she returned them or paid $15 for them, he would not pay her the balance due; that she had stolen the pantaloons; that this charge she indignantly denied. That she went home, and in a short time an officer came to the house and told her he had a warrant for her, and she must appear at the office of the justice at 4 o'clock that afternoon, which she accordingly did. That the case was postponed to a subsequent day, when it was heard.

That at the trial of the case, Isaac and Leopold Straus and several of their employees were present and examined as witnesses for the prosecution, and on the conclusion of the examination Isaac Straus, who was very active in the prosecution, made a speech, urging her conviction. She was acquitted and discharged by the magistrate. She further testified that each pair of pantaloons was worth two or three dollars.

The defendant Isaac testified that the defendants were brothers and partners, trading under the name of Straus & Bro., and had been for the last several years engaged principally in the wholesale clothing business at No. 211 N. Gay street; that in August, 1870, they had a small lot of goods of a peculiar pattern which they gave out to three or four hands to be made up; that they usually employed from fifty to one hundred hands; that they discovered, on an examination of their books, that one pair of pantaloons of this peculiar pattern of goods was missing, and he concluded that the appellee had retained them. That having come to this conclusion, he put up a bundle, in January, 1871, containing five pair of pantaloons, in which he only put trimmings for four pair; that three pair had been cut with the same cut of the scissors, that is the scissors cut three plies of the cloth at the same time; that two pair of the pantaloons were cut of different sizes from the said three pair. That the bundle was thus put

up in the presence of his brother Leopold and two of their employees, and it was put up in this manner to test with certainty whether he was right in his belief as to the plaintiff; he expected that she would call for trimmings for the pair for which none had been furnished, if she were an honest woman; he delivered the bundle to her son who called for it; she soon after returned four pair made up; he waited some three or four days, but she did not return the fifth pair; she called afterward on a Saturday to get a small balance that was owing to her, which he refused to pay, but gave her two pair of pants to make up, and told her to call on Monday, which she did, and demanded the balance due her; but he refused to pay until she had returned the two pair which she had received before the last two pair, and which she had not returned; that he did not say she had stolen them; that she denied the charge and immediately left; that he did not then leave the store, but sent the errand-boy after her, to ascertain where she lived; that after the return of the errand-boy he went to the magistrate's and made complaint, and asked for a search warrant to search her house.

The defendants then offered testimony tending to prove that said Isaac did not say that the plaintiff had stolen the pants, as she alleges *he* did, but that what he did say on the occasion was, that she retained two pair of pants the defendants had given her.

One of the defendants' witnesses testified that the demand of $15 was made; all his other witnesses, himself included, denied that any such demand was made.

The plaintiff thereupon offered the following prayers:

1. That if the jury find that Isaac Straus, one of the defendants, preferred the charge of larceny against the plaintiff, under oath, before John T. Gorsuch, a justice of the peace, and caused said justice to issue the warrant offered in evidence, by virtue of which she was arrested and brought before him, where, after a full examination of the preferred charge, she was acquitted and discharged, such acquittal and discharge

are evidence, with the other evidence in the cause, of the want of probable cause; and that it is competent for the jury to. infer malice from the want of probable cause, as the same is defined in the defendants' sixth prayer.

2. If the jury find from the evidence that the defendant, Isaac Straus, took an active part in the trial of the plaintiff before the justice, in procuring the attendance of witnesses against her, and in the examination of the witnesses, to bring about her conviction of the charge of larceny, and that she was acquitted and discharged by the justice, and that there existed no probable cause for such charge, it is competent for them to infer malice from such active participation and the other evidence in the case, provided they find that he did so participate.

3. That malice, in its legal sense, is any wrongful act done intentionally, without legal justification or excuse; it is not what is called malice in common acceptation, as ill-will against a person.

The defendants then prayed the Court to instruct the jury as follows:

1. That in actions of this kind it is incumbent upon the plaintiff to show that the proceeding against her was instituted maliciously and without probable cause, and that having failed to prove the absence of probable cause, she cannot recover.

2. That from the pleading and evidence in the case, the jury should find a verdict for the defendant, Samuel Straus.

3. That on the pleading and evidence the jury should find for the defendant, Leopold Straus.

4. That if the jury believe from the evidence in the case that the defendant, Isaac Straus, without the coöperation of either of the defendants, *bona fide* believing that the plaintiff had unlawfully withheld a portion of the goods of the defendants which she had received from them for the purpose of manufacturing the same into clothing, went to J. T. Gorsuch, Esq., a justice of the peace, and truthfully, to the best of his

knowledge, stated to him, and without malice, what he conceived to be the cause of complaint, and that thereupon the justice expressed the opinion that the conduct stated constituted a criminal offence, and thereupon swore the said Isaac to said statement and issued the warrant referred to, that then the plaintiff is not entitled to recover.

5. That if the jury believe from the evidence in the cause that Isaac Straus, at the time he preferred the complaint offered in evidence before the magistrate against the plaintiff, believed and knew of the existence of facts and circumstances which, if true, would excite in a reasonable mind the belief that the charge he made before the magistrate was true, then they should find for the defendants, although they may believe that said Isaac was mistaken in so believing, and that the plaintiff was not guilty of any such charge.

6. That before the jury can find a verdict against any of the defendants, they must be satisfied that the defendant, Isaac Straus, had not probable cause to believe that the plaintiff had committed the act of which he, the said Isaac, complained before the justice, and was actuated by malice, and that the burthen of proof is on the plaintiff to show the absence of probable cause; that probable cause is the existence of such facts and circumstances as would excite the belief in a reasonable mind that the plaintiff was guilty of the charge preferred against her by said Isaac to the said justice.

The first and second prayers of the plaintiff were granted by the Court, (DOBBIN, J.;) the third was conceded; the first and fourth prayers of the defendants were rejected, the second was conceded, and the third, fifth and sixth were granted. To the granting of the first and second prayers of the plaintiff, and to the rejection of the first and fourth of their own, the defendants excepted. There was a verdict and judgment for the plaintiff for $600, against Isaac Straus, and a verdict and judgment for Samuel and Leopold Straus. Isaac Straus appealed.

The cause was argued before BARTOL, C. J., BOWIE, GRASON, MILLER, ALVEY and ROBINSON, J.

*Patrick McLaughlin* and *Wm. P. Preston,* for the appellant.

The burthen of proof is on the plaintiff to show malice and a want of probable cause. *Turner vs. Walker,* 3 *G. & J.,* 377 ; *Outlaw vs. Davis,* 27 *Ill.,* 467, 473.

If a magistrate has general jurisdiction of the subject-matter, and the party states his case honestly, and without malice, he is not liable. The case of the *Marshalsea,* 10 *Coke,* 69 ; *Von Latham vs. Libby and Rowan,* 38 *Barbour,* 339, 344, 348 ; *Outlaw vs. Davis, et al.,* 27 *Ill.,* 467, 472, 473 ; *Turner vs. Walker,* 3 *G. & J.,* 377.

An illegal arrest is not sufficient to sustain the action. *Turner vs. Walker,* 3 *G. & J.,* 377.

The charge must have been wilfully false. 2 *Greenleaf on Evidence,* sec. 453 ; *Burley vs. Bethune,* 5 *Taunt.,* 580, 584 ; *Cecil vs. Clarke,* 17 *Md.,* 508 ; *Lyon vs. Hancock,* 35 *Cal.,* 372, 376.

A discharge by the examining magistrate is not evidence of want of probable cause. *Wheeler vs. Nesbitt, et al.,* 24 *Howard,* 544 ; *Thorpe vs. Balliett,* 25 *Ill.,* 339 ; *Kidder and Wife vs. Parkhurst and another,* 3 *Allen,* 393, 396.

*A. H. Hobbs,* for the appellee.

The examination by the justice and his discharge and acquittal of the appellee, was *prima facie* evidence of the want of probable cause, and proper for the consideration of the jury.

It was an *ex parte proceeding,* in which the alleged traverser had no power to produce witnesses in her behalf, and did not, in fact, attempt to produce any. The prosecution before the examining magistrate produced all the evidence that could be brought together, and failed to establish the charge preferred. It would be difficult to show stronger evidence of the want of probable cause than is here shown.

Had the magistrate, instead of *discharging* the appellee, held her to bail for her appearance before the grand jury, that determination on his part would have been *evidence of probable cause. Bostick vs. Rutherford*, 4 *Hawks*, 91, (*N. C.;*) *Maddox vs. Jackson*, 4 *Mumf.*, 465; 1 *Am. L. Cases*, 270, (*5th Ed.*)

And this finding the party guilty would be evidence for a defendant in a case of malicious prosecution.

The propositions of law submitted in the plaintiff's prayers are abundantly sustained by reason and authority.  1 *American Lead. Cases*, 268, (*5th Ed.*;) 2 *Greenleaf's Ev.*, sec. 455; *Nicholson vs. Coghill*, 4 *Barnwall & Cresswell*, 21–24; *Johnson vs. Chambers*, 10 *Iredell*, 287; *Williams vs. Norwood*, 2 *Yerger*, 330–336; *Johnston vs. Martin*, 3 *Murphey*, (*N. C.,*) 248; *Bostick vs. Rutherford*, 4 *Hawks*, (*N. C.,*) 88–91; *Hill vs. Palm*, 38 *Mo.*, 22; *Chapman vs. Dodd*, 10 *Minn.*, 364, 365; *Casperson vs. Sproule*, 39 *Mo.*, 43; *Brant vs. Higgins*, 10 *Mo.*, 734; *Ross & Co. vs. Innis*, 35 *Ill.*, 487.

The defendant's first prayer was clearly not law, as there was abundant evidence for the consideration of the jury as to the want of probable cause, and the Court could not have granted it without invading the province of the jury.

The defendant's fourth prayer was properly rejected for numerous reasons.  It rests, in part, on the *belief* of the defendant without stating the *facts* and *circumstances*.  1 *Am. Lead. Cases*, 254.  The mere belief of a party avails nothing. *Ross & Co. vs. Innis*, 35 *Ill.*, 504; *Winebiddle vs. Porterfield*, 9 *Barr.*, 139; *Hall vs. Sugdan*, 6 *Barb.*, 89; *Lawrence vs. Lanning*, 4 *Porter*, (*Ind.,*) 196; *Jacks vs. Stimpson*, 13 *Ill.*, 701; 1 *American Lead. Cases*, 266, (*5th Ed.*)

Even an expert would not be permitted to give his opinion or belief except upon a hypothetical or agreed state of facts. There is *no evidence* to support the theory of the prayer.  The magistrate did *not initiate* the prosecution.  The defendant "*craved the protection of the law against the plaintiff.*"

The justice did not say that the alleged offence was "*a criminal offence.*"  But merely, "*that as the law used to be, the*

*matter complained of was a breach of trust, but that it was now different,"* and thereupon, he *"swore the said Isaac to the truth of said charge,"* and issued the writ. If the prayer be intended to assert that the *"opinion"* of the justice amounted to justification, it affirms what is not law. It has already been carried far enough, and probably to a dangerous extreme in giving to the *advice* of counsel upon all the facts in the case, the force and effect of a justification. The opinion of a non-professional man is no justification. *Beal vs. Robeson,* 8 *Iredell,* 278; 1 *American Lead. Cases,* 268.

GRASON, J., delivered the opinion of the Court.

This action was brought for an alleged malicious prosecution, and at the trial below the plaintiff offered three prayers, the first and second of which were granted and the third conceded, and the defendant six, of which the first and fourth were rejected, the second was conceded by the plaintiff, and the third, fifth and sixth were granted, and the defendant excepted to the granting of the plaintiff's prayers, and to the rejection of the first and fourth of his own, and the judgment being against him he took this appeal.

The first prayer asked an instruction that if the jury should find that the appellant preferred under oath a charge of larceny against the appellee before a justice of the peace, and caused him to issue his warrant for her arrest, by virtue of which she was arrested and brought before him, and after a full investigation of the preferred charge she was acquitted and discharged, that such acquittal and discharge were evidence with the other evidence in the cause, of the want of probable cause for such charge, and that it was competent for the jury to infer malice from the want of probable cause, as the same was defined in the sixth prayer of the appellant, which had been granted by the Court. We think that the prayer states correctly the propositions of law. It is true that it is incumbent upon the plaintiff to allege and prove in an action for malicious prosecution, that the prosecution was

both malicious and without probable cause; but the discharge of the plaintiff by the examining magistrate, is *prima facie* evidence of the want of probable cause, sufficient to throw upon the defendant the burden of proving the contrary. 2 *Greenl. Ev.*, sec. 455; *Secor vs. Babcock*, 2 *Johns' Rep.*, 203; *Bostick vs. Rutherford*, 4 *Hawks*, 83. It is also well settled that malice may be inferred from the want of probable cause. *Turner vs. Walker*, 3 *G. & J.*, 386; 2 *Greenl. Ev.*, sec. 453.

The second prayer of the appellee states as legal proposition that malice can be inferred from the conduct, zeal and activity of a party in conducting the prosecution of a plaintiff, and this proposition is supported by the 453*d* sec. *of 2 Greenl. Ev.*, and the case of *Turner vs. Walker*, above referred to. Both of the above prayers were alleged to be objectionable, because there was no proof in the cause that a charge of larceny had been preferred by the appellant against the appellee. As this objection was not specially made in the Court below, it cannot be heard in this Court in view of the Act of 1862, ch. 154, and the fourth rule of this Court. It was also argued that these prayers ought not to have been granted inasmuch as the *nar.* averred that the appellant had maliciously and without probable cause preferred the charge of *larceny* against the appellee and caused her to be arrested, &c., whereas, the proof offered at the trial below showed that the charges made against the appellee was that of embezzlement. If the appellant desired to avail himself of this variance between the allegation of the *nar.* and the proof, he should have done so by objecting to the evidence at the time it was offered, or by a prayer properly framed for that purpose. Not having done so the objection cannot be heard by this Court, since the Act of 1825, which is incorporated in the Code. See *Leopard vs. Ches. & Ohio Canal Co.*, 1 *Gill*, 227; *Stockton vs. Frey*, 4 *Gill*, 422.

The first prayer of the appellant assumed that there was no evidence in the case of a want of probable cause for the prosecution, when we have shown that the discharge of the

appellee by the examining magistrate furnished *prima facie* evidence of its absence. The testimony of the appellee also tended to prove it, and the prayer was therefore properly refused. The appellant's fourth prayer asserted as a proposition of law that the appellee was not entitled to recover, if the appellant truthfully and to the best of his knowledge stated to the justice of the peace, and without malice, what he conceived to be the cause of complaint, and that thereupon the justice expressed the opinion that the conduct stated constituted a criminal offence, and thereupon swore the appellant to said statement, and issued the warrant referred to. In the first place there was no evidence that the justice expressed the opinion that "the conduct stated constituted a criminal offence," and this was sufficient cause for rejecting the prayer. But it is evident, from the argument of the appellant's counsel in this Court, that the intent and meaning of the prayer is, that the appellant was not liable, if he acted in the premises under the advice of the magistrate. Although, if a party makes a full and fair statement of all the facts to counsel and acts under his advice, this is admissible evidence for the purpose of showing absence of malice; yet it may be rebutted by other surrounding circumstances and the other evidence in the cause. *Turner vs. Walker*, 3 *G. & J.*, 387. But we know of no case in which it has ever been held that proof, that a party had acted under the advice of a magistrate or any other party not learned in the law, was admissible for such purpose. The appellant's fifth and sixth prayers, which were granted, gave him the benefit of the law as favorably as he was entitled to it.

There being no error in the rulings of the Court below, its judgment will be affirmed.

*Judgment affirmed.*

(Decided 18th June, 1872.)