## Oscar F. Stanton v. Michael Hart.

*Malicious prosecution: Arrest: Nolle prosequi: Acquittal.* An action will lie for malicious prosecution where a person has been arrested on a criminal charge, and discharged on a *nolle prosequi*, after efforts to procure a trial. It is not necessary that he should have been tried and acquitted.

*Malicious prosecution.* The action lies whenever the proceeding has come to an end by a discharge, whatever may be the form of its termination. Any other rule would enable all the mischief to be done without remedy.

*Declaration: Variance.* Where the declaration averred that the plaintiff had been "*acquitted and discharged*," but showed such further facts as indicated that there had been a discontinuance, and not a trial and acquittal, it was held no variance to prove such discontinuance. The terms are to be understood according to their context, and the meaning was plainly to be drawn from the whole count.

*Malicious prosecution: Advice of counsel: Pettifoggers.* The law presumes that members of the bar have more knowledge of law than laymen, and an honest reliance on their advice will justify a prosecution.

But it does not presume that a layman who is a pettifogger knows more law than other laymen, and his advice will not justify.

*Malice: Evidence.* Where a party before procuring an arrest uses every means in his power to inform himself, and acts honestly, such conduct will have its weight in disproving malice.

*Heard July 22 and 23. Decided July 25.*

Error to Saginaw Circuit.

*Wisner & Draper*, for plaintiff in error.

*Frederic L. Eaton* and *Albert Trask*, for defendant in error.

CAMPBELL, J.

Hart sued Stanton for malicious prosecution, in having him arrested for larceny, from which after much delay he was finally discharged upon a *nolle prosequi*, after having endeavored without success to obtain a trial. A recovery was had at the circuit, and the case comes up on error.

The first question presented is whether such an action will lie unless the plaintiff has been acquitted on trial by a jury. Upon this question there is some conflict in the authorities, but we think the weight of reason is in favor

of the action. The mischief is done by the arrest and disgrace caused by a charge of crime, and by the expense and annoyance attending the proceeding. A discharge without a trial does not destroy the effect of the mischief, but often aggravates it by leaving the party injured without the complete vindication of a verdict in his favor. As long as the proceedings are pending, it may be considered that there may possibly be a conviction under them, which would justify the accusation. But as soon as the proceedings have come to an end, by such an order or discontinuance as will prevent a further prosecution without a new complaint, there is no longer occasion for any such presumption. It is more reasonable to assume it has been found that the charge ought not to be further pressed. And it would be doing great injustice to refuse a remedy for such a wanton injury to liberty and reputation, on a ground which is purely technical, and is not reasonable. The doctrine is very well explained in *Clark v. Cleveland, 6 Hill, 344,* as allowing an action whenever the particular proceeding has come to an end, so that the prisoner can be no further pursued upon it. Discharge by a magistrate, discontinuance of a private action, and ignoring bills by grand juries, when the party is discharged, have all been made the basis of an action for malicious prosecution.— *Smith v. Ege, 52 Pa., 419; 1 Am. Lead. Ca., 221; Straus v. Young, 36 Md., 246; Burhans v. Sanford, 19 Wend., 417; Fay v. O'Neill, 36 N. Y., 11.* We think the action was not premature.

It is claimed, however, that the declaration counted upon an acquittal, and not upon a *nolle prosequi.* If this objection had been pointed out on the trial, so as to raise a question of variance, it would have been a matter of course to allow an amendment if one had been needed. The objection raised in the circuit went only to the ground of action, and not to the conformity of proofs and allegations, and cannot be properly urged now on error, upon any new ground.

We think the declaration, although it uses the phrase,. "acquitted and discharged," shows beyond mistake that no reference was had to an acquittal on a trial. The language is, that the prosecutor "neglected to bring the same on to a hearing or trial, and the said plaintiff, being innocent of said supposed offense, was then and there duly discharged out of said custody, and fully acquitted and discharged of the said supposed offense; and the said defendant hath not further prosecuted his said complaint, but hath deserted and abandoned the same, and the said complaint and prosecution is wholly ended and determined." These allegations are preceded by statements of the delays to which plaintiff had been put by defendant in trying to have the complaint brought to trial. If the word "acquitted" has a technical meaning when unexplained, it is impossible to read the declaration as conveying that meaning, and it can only be made sensible by taking the whole clause together.

The other errors alleged relate to the exclusion of certain testimony in justification. The court refused to allow evidence that Stanton consulted with one Curry upon the question of the guilt of the plaintiff, and that "said Curry, who is a business man at Clio, in Genesee county, advised him to commence the prosecution."

There is no possible ground for admitting such evidence, even had it been shown that Curry knew the facts. The natural, as well as legal presumption, must be that Stanton himself knew as much about law as any other man of no special legal knowledge.— *Wills v. Noyes, 12 Pick., 324.*

But the court also excluded evidence of advice from one Richard Sparks, who was a farmer with no legal training, but who had practiced for several years in pettifogging before justices of the peace, and had done some business for Stanton in that capacity. This was offered in justification, counsel declaring that he did not wish to introduce it in mitigation.

The law allows honest action upon the advice of counsel who have been fully informed on the facts, to be a

complete justification, upon the sole ground that a person has done all he could be expected to do to enable him to act safely. But it is not the policy of the law to permit innocent men to be subjected to false charges and unfounded arrests; and a person who assumes to prosecute is bound to use all reasonable means to avoid committing such a grievance. Every man of common information is presumed to know that it is not safe, in matters of importance, to trust to the legal opinions of any but recognized lawyers; and no matter is of more legal importance than private reputation and liberty. When a person resorts to the best means in his power for information, it will be such a proof of honesty as would disprove malice, and operate as a defense proportionate to his diligence. But there is no respectable authority for holding that advice from any but a qualified lawyer is of itself an answer to the charge of malicious prosecution, however honest the course of the party may have been in seeking for it. Such advice bears upon probable cause, while the other excuses go to disprove malice.

It would be very dangerous to relax the rules on this subject. There can never be any difficulty in finding professional advisers under ordinary circumstances. And where the prosecution complained of is criminal, and not civil, there is still less cause for removing any safeguard against oppression and vexatious proceedings. This rule originated in England, where there is no public prosecutor, and where all complaints must usually be made by private parties. They were compelled to employ counsel to prosecute, and it would have been unjust to compel them to do more than use proper diligence and fairness in choosing and instructing them. But under our system all prosecutions are put under official control, and a principal reason for this was the abuses of private prosecutions, which are very apt to be set on foot for private purposes rather than for the public good. It can rarely happen that in serious cases where there is any such doubt as would render it prudent to seek

Stanton *v.* Hart.

advice before acting, it will not be easy to get access to the prosecuting attorney. The very fact that a person is in doubt, should teach him more caution, and lead him to communicate with the proper authorities, and put the care of the prosecution where it legally belongs. There is no need in such cases to rely on irregular advisers, and it is a practice not to be favored. The authorities are too numerous to need citation. The cases of *Straus v. Young, 36 Md., 246,* and *Olmstead v. Partridge, 16 Gray, 381,* are recent decisions, explaining the rule very clearly.

The case shows that one lawyer *was* consulted, and his advice was held within the rule.

There is no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.