MICHAEL SWEENEY V. JOSEPH PERNEY.

1. MALICIOUS PROSECUTION— *Evidence.* In an action for malicious prosecution the plaintiff has a right to show by the transcript of the justice of the peace before whom the criminal case was tried, upon which the action for malicious prosecution is founded, that the defendant testified against him on the trial of the criminal charge.

2. EVIDENCE— *Verdict and Judgment in Prosecution.* On the trial of an action for malicious prosecution, it is not error for the trial court to refuse to permit to be read in evidence that part of the verdict and judgment in the criminal case, for the institution and prosecution of which this action is brought, that finds and adjudges that the complaint was malicious and without probable cause; and that the name of the prosecuting witness was the name of the defendant in the action for malicious prosecution; and adjudges him to pay the costs.

3. ———— *Evidence; Error.* On the trial of such an action it is error to permit the defendant to testify that he had consulted with certain property-owners of the road district, before he had commenced a criminal case against the plaintiff.

4. ———— *Probable Cause.* The question of the existence or want of probable cause not fairly submitted to the jury. (*A. T. & S. F. Rld. Co. v. Watson,* 37 Kas. 773, cited, and approved.)

*Error from Wabaunsee District County.*

ACTION to recover damages for malicious prosecution. Trial at the June term, 1886, and judgment for the defendant *Perney.* The plaintiff *Sweeney* brings the case to this court. The opinion states the facts.

*John T. Bradley,* for plaintiff in error.

*Geo. G. Cornell,* and *J. F. Peffer,* for defendant in error.

Opinion by SIMPSON, C.: This action was brought by Michael Sweeney against Joseph Perney, to recover damages for malicious prosecution. On the trial the jury found for the defendant; the plaintiff moved for a new trial; the motion was overruled; judgment was rendered against plaintiff, and he brings the case here for review. The record shows that Joseph Perney, as a road overseer, on the 1st day of July,

1885, made complaint in writing under oath before a justice of the peace, charging Michael Sweeney with, on the 15th day of April, 1885, stealing, taking and carrying away some stones, of the value of $10, belonging to Kaw township, Wabaunsee county, from a public road in that township. A warrant was issued by the justice of the peace on the complaint, and Sweeney was arrested and taken before the justice; then Sweeney made an affidavit for a change of venue from the justice, on the ground that the justice was prejudiced against him; the justice overruled the application, and forced Sweeney to trial; Perney prosecuted him, and the justice found Sweeney guilty, and sentenced him to pay a fine of ten dollars and costs, and to stand committed to the county jail until he paid the same. Sweeney appealed to the district court, and Perney again prosecuted him there. The case was tried by jury, and the jury found the defendant Sweeney was not guilty as charged; that the complaint was malicious and without probable cause; and that the name of the prosecuting witness was Joseph Perney. Thereupon, the court rendered judgment finding Sweeney not guilty, and taxing the costs of the criminal case to Perney.

There are many errors assigned in the petition and elaborated in the brief of counsel for the plaintiff in error.

I. The trial court refused to permit the plaintiff to give in evidence the transcript of the justice of the peace to show that Perney had testified against Sweeney in the criminal case. The complaint had been introduced showing that the defendant in error had sworn to it, and had thus instituted the criminal proceedings. The trial court had permitted proof by the clerk of the district court, that at the trial in the district court, Perney was the prosecuting witness, and was present at the trial. We think that the plaintiff in error had a right to show that at the original trial Perney was a witness, and testified against the plaintiff in error; and the transcript of the justice was the best evidence of that fact, as he is required by law (Justices' Code, § 188) to enter upon his docket the names of all witnesses sworn, and at whose request they are sworn.

It was material that the plaintiff in error should prove that the prosecution was commenced and conducted by the defendant in error; and the fact that Perney was a witness against him on the trial was an important one, and he should have had all the benefit of it.

II. The trial court refused to permit the plaintiff to read that part of the judgment in the district court that found that the complaint was malicious and without probable cause, and that the name of the prosecuting witness was Joseph Perney; and this is insisted upon as error. The judgment of acquittal is admitted, for the reason that it is the only possible way to prove the fact of acquittal, and because it is a public record embodying the result of a judicial investigation as to the question of the guilt or innocence of the accused, a result that cannot be arrived at or determined in any other manner. The record of such an investigation can only be used to prove the fact that such a judgment was rendered, for the reasons given above, but when it is sought to use it as evidence of ulterior facts, then it at once becomes apparent that it is sought to bind a litigant to recitations in a record to which he was not a party, and about which determination he had no voice or direction. There is a very great conflict of authority on the question as to whether the record of acquittal is or is not *prima facie* evidence of a want of probable cause in actions of this character. In the affirmative, see the cases of *Secor v. Babcock*, 2 Johns. 203; *Johnston v. Martin*, 2 Murphy, 248; *Bostick v. Rutherford*, 4 Hawks, 83; *Smith v. Ege*, 52 Pa. St. 419. To the contrary, see *Stone v. Crocker*, 24 Pick. 81; *Scott v. Simpson*, 1 Sandf. 601; *Israel v. Brooks*, 23 Ill. 575. There may be many other cases, but these are sufficient to show the conflict of authority on this question. So it is disputed as to whether or not proof of arrest, committal and indictment is *prima facie* proof of probable cause. On one side, see *Ricord v. Cent. Pac. Rld. Co.*, 15 Nev. 167. On the other, see *Womack v. Circle*, 29 Gratt. 192. We have found no case that goes to a greater extent than holding that the judgment of acquittal is *prima facie* proof of a want of prob-

able cause; and it appears that the cases that hold the contrary are the most logical. It must appear that the prosecution is at an end. The record of a criminal suit is admitted in a civil action to prove that fact solely because criminal actions are public matters, and are only disposed of in this form; and the necessities of justice require such a record to be admitted in a suit between private parties to establish the fact that the prosecution is terminated. The plaintiff in error seeks to use such a record for other purposes in this action, and it would seem to be in violation of all fundamental principles. While we have not been able to find the exact question decided, we have no doubt but that the trial court ruled right on this question.

III. Several exceptions were saved to the ruling of the trial court refusing to allow the plaintiff in error to prove that there was an angry state of feeling existing on the part of Perney toward the plaintiff in error before the commencement of the criminal proceedings, growing out of matters entirely disconnected with the criminal charge. We think that the plaintiff in error had a right to show in a general way, such a state of feeling on the part of Perney. We do not mean that he ought to have been permitted to go into the details of their previous litigation, or to prove the particulars of the school-money transaction, but he had a right to show that previous to causing his arrest on a criminal charge, Perney was angry with him; as such a showing would tend to prove malice. As we read the evidence of the plaintiff in error in this record, it appears that is just what the trial court allowed to be shown: that there was bad blood between them growing out of previous litigation about school matters; that they had not talked together for more than a year; that the criminal prosecution was instituted within a few days after the termination of the litigation adverse to Perney. This is a liberal application of the rule in favor of the plaintiff in error, and leaves no just cause of complaint.

IV. Another and more serious complaint is, that the trial court permitted the defendant in error to testify on his own

behalf that he had consulted with the property-owners of the road district before commencing the prosecution against the plaintiff in error; and while it is true that he was not permitted to state what they advised, yet the fact that he had consulted them, and then acted, would leave the impression on the minds of the jurors that they had prompted the prosecution. The fact that he had acted in good faith in accordance with their advice would not be a good defense to the action, and hence there is no ground upon which his statement that he had consulted with McClary, Mohler, Brindle and Mowar, all property-owners of the road district, could be admitted. We regard this as greatly to his prejudice. (See *Beal v. Robeson,* 8 Ired. 276; *Murphy v. Larson,* 77 Ill. 172; *Williams v. Vanmeter,* 8 Mo. 339; *Burgett v. Burgett,* 43 Ind. 78; *Olmstead v. Partridge,* 16 Gray, 381; *Stanton v. Hart,* 27 Mich. 539; *Straus v. Young,* 36 Md. 246.)

V. There is more or less criticism of all the instructions given to the jury by the trial court; but as we view them, they were in the main a fair statement of the law governing instructions. The fifth instruction is particularly misleading and prejudicial, as the evidence affirmatively shows that the county attorney was not consulted, but that an attorney in another county was. Then again, it is insisted that want of probable cause was a question for the court, and the jury should have been instructed that there was no probable cause for the commencement of the criminal prosecution. This instruction the court very properly refused, because there was a substantial dispute about facts constituting the want or existence of probable cause. But that question was not properly submitted to the jury, as required in *A. T. & S. F. Rld. Co. v. Watson,* 37 Kas. 773. The jury were not told what facts they should consider in the determination of the question of probable cause, but were left to determine it in the light of all the facts proven on the trial.

For these various errors, taken altogether, producing, as we think, a prejudicial effect on the jury, we recommend that

the judgment be reversed, and remanded with instructions to sustain the motion for a new trial.

By the Court: It is so ordered.

All the Justices concurring.