ALBANY,
Feb. 1807.

Secor
v.
Babcock.

## Secor *against* Babcock.

B. was arrested and bro't before a magistrate, on a charge made by S. of a suspicion of felony, and the justice being satisfied that the suspicion was groundless, discharged him. It was held that an action for malicious prosecution would lie against S. A magistrate, if he be satisfied that there is no cause for a commitment, may discharge the party accused.

THIS cause came before the court on a writ of error from the court of common pleas of *Orange* county. The defendant in error brought his action against the plaintiff in error, in the court below, for a *malicious prosecution.* The declaration charged, that the defendant below, maliciously and falsely, and without a probable cause, had procured a justice of the peace to issue a warrant to apprehend the plaintiff, provided a certain cow, which the defendant made oath had been stolen from him, and which he suspected to be in the possession of the plaintiff, should be found in the possession of the plaintiff. The declaration further alleged, that the cow in question was never in the plaintiff's possession, but that he was arrested, notwithstanding, on the warrant, and brought before the justice, who, upon his examination, and after hearing and considering every thing that could be said or alleged against him, on the complaint of the defendant, wholly acquitted and disharged the plaintiff from the said supposed crime. The defendant pleaded not *guilty.* The jury found a verdict for the plaintiff.

*H. Bleecker*, for the plaintiff in error. The justice had no power to acquit and discharge the defendant from the crime, as stated in the declaration. The declaration ought to state that the prosecution is at an end ;* for aught that appears, it may be still pending. Though the plaintiff below was discharged from custody, still the prosecution may have been continued against him.

*Storey*, contra. The declaration in this case states the proceedings, as they took place, agreeably to the law. The goods, if in the possession of the party, afford *prima facie* evidence of guilt, but if on being brought before the magistrate, it be proved that he is the real owner of them, he must be discharged. The cases cited by the other side, apply only to actions for malicious prosecution by indictments.

*Per Curiam.* The justice had power, on examination of a charge of *suspicion of felony*, or of having stolen goods, to dismiss the plaintiff below, if he was satisfied that there was no ground for the suspicion. The acquittal was lawful, and there was a sufficient ground for a suit for a malicious prosecution. The judgment below must be affirmed.(*a*)

Judgment affirmed.

(*a*) An action for a malicious prosecution will not lie unless the want of probable cause is substantially proved. Proof of malice alone will not sustain the action. From the want of probable cause, malice may be implied, but the want of probable cause cannot be implied from the most express malice. *Murray* v. *Long*, 1 Wend. 140.