MICHAEL FAY, Respondent, *v.* GEORGE O'NEIL, Appel-
LANT.

*Appeal—Evidence—Refusal to Charge.*

Where Defendant has procured Plaintiff's arrest on a charge of perjury, it is
not error in an action thereon for false imprisonment and malicious prosecu-
tion, to allow Plaintiff, as a witness, to be questioned by his counsel con-
cerning his innocence of the charge.

Any question intended to be raised in this court must be brought specifically
to the notice of the court below.

APPEAL from the Supreme Court.

The action was for false imprisonment and malicious prosecu-
tion. On the trial, before Mr. Justice Sutherland, at the New
York Circuit, it appeared that the Plaintiff was arrested and im-
prisoned on a warrant procured by the Defendant, charging him
with the crime of perjury. The Defendant subsequently aban-
doned the prosecution, and the Plaintiff was discharged by the
magistrate. The charge was not brought before the Grand Jury,
and the Defendant admitted that he did not intend to proceed
further in the matter. Evidence was given, on the part of the
Plaintiff, which, if it was credited by the jury, justified them in
finding that the charge was made from malicious motives and
without probable cause. The testimony was conflicting.

The judge was requested, in a series of propositions, to charge
the jury that the verdict should be for the Defendant:

1. If he had probable cause for believing the Plaintiff had
sworn falsely.

2. If he had reasonable grounds for believing him guilty of
perjury.

3. If he, in fact, believed the charge to be true when he made
the complaint.

He was also requested to charge the following propositions,
respectively: that if probable cause was shown, the want of malice
was presumed; that no actual malice had been proved; and that
the Defendant was not required to prove the truth of the charge.

The judge declined to charge in the specific terms of these several requests; but he instructed the jury in substance, that if the Defendant had reasonable grounds, when he made the charge, for believing that the Plaintiff was guilty, there could be no recovery, even though the complaint was made from malicious motives; that the question, whether the complaint was made without reasonable or probable cause, was one of fact to be determined by them from the evidence; and that if he had probable cause for believing the charge, the verdict should be in his favor. He charged that if they should find that the complaint was made without probable cause, they must then pass upon the question whether it was maliciously made; and that it was not necessary that the Defendant should show the truth of a charge.

No exceptions were taken to the instructions given by the judge; but the Defendant excepted to his refusal to charge in the terms of each of the several requests.

The jury found a verdict in favor of the Plaintiff for $500. The judgment entered thereon was affirmed at the General Term in the First Judicial District.

*Bogardus & Brown* for Appellant.
*John H. Reynolds* for Respondent.

PORTER, J.—On the question of probable cause, the charge of the judge was substantially in accordance with the propositions submitted by the Defendant. On the question of malice, he properly declined to withdraw the issue from the consideration of the jury. He instructed them that if there was probable cause for the complaint, even though it was made from malicious motives, their verdict should be for the Defendant. There was no error in refusing to charge in the precise terms of the requests as framed and submitted.

It is suggested by the Defendant's counsel, that, as the Plaintiff in the first instance entered into a recognizance to appear and answer any indictment that might be preferred against him in the Court of Sessions, his subsequent discharge did not terminate the prosecution. No such point was taken at any stage of the trial.

There was no allusion to it in the requests submitted to the judge, and it was not suggested as a ground for dismissing the complaint. If the Defendant intended to raise any such question, it should have been specifically brought to the notice of the Court. It is apparent from the evidence that there was no foundation for such an objection. The recognizance was provisional, and fell when the prisoner was discharged. It was not returned to the Court of Sessions, no indictment was obtained against the Plaintiff, and the present action was not brought until after the term named in the recognizance, and the abandonment of the prosecution by the Defendant.

The judgment should be affirmed.

Parker, J.—The objection, by Defendant, to the question put by Plaintiff's counsel to the Plaintiff as a witness, "Was what you swore to on that occasion true?" was properly overruled. The malicious arrest of the Plaintiff, by the procurement of the Defendant, for the crime of perjury, alleged to have been committed by the Plaintiff upon a trial in the Marine Court, is the ground of the action. The "occasion" referred to in the question was the trial in the Marine Court.

There can be no doubt that the question of the Plaintiff's guilt or innocence of the charge made against him, was involved in the case; for if the charge was true, there could be no want of probable cause. The fact, then, which the question called for, was clearly pertinent and material.

The objection is not to the general form of the question, but to its substance.

No error was committed in overruling the objection.

The Defendant's motion for a nonsuit was properly denied. The evidence proved, or tended to prove, all that it was necessary to prove to maintain the action. It was sufficiently shown that the prosecution was *at an end*. The complaint was dismissed by the magistrate, "in consequence of the complainant not appearing to prosecute at the time to which the case was adjourned." This was a sufficient termination of the prosecution (Clark *v.* Cleveland, 6 Hill, 344; Secor *v.* Babcock, 2 John. 203; Purcell

*v.* Macnamara, 9 East, 361 ; Burhans *v.* Sanford, 19 Wend. 417 ; Watkins *v.* Lee, 5 Mees. & W. 270).

The recognizance which appears in the case as part of the proceedings before the justice; or rather appended to such proceedings, by which the Plaintiff was bound to appear at the next Court of General Sessions, is entirely inconsisent with the entries in the minutes showing the adjournment, and that the Plaintiff was bailed to appear for examination, and was, at the adjourned day, discharged. It was never certified to the Court of General Sessions, and was manifestly never used in any way.

It comes into the case after the certificate of the Clerk of the Court, authenticating the proceedings in Court only, without any authentication, and was not made the ground of any application on the trial. It should be regarded as a paper having no significance.

The charge to the jury contained the substance of all the Defendant's requests to charge, so far as they were legally correct.

I am of the opinion that the judgment appealed from should be affirmed.

All affirm.

JOEL TIFFANY,
State Reporter.
