CHARLES P. DALY, Ch. J., and VAN HOESEN, J., concurred.

Judgment reversed.

---

LOUIS F. VAN DE WIELE, Respondent, *against* LAWRENCE J. CALLANAN, Appellant.

(Decided January 7th, 1878.)

The objection that the complaint, in an action for malicious prosecution, does not allege want of "probable cause," but only of "just" or "proper" cause, although it would, *it seems*, be good upon demurrer or a motion at trial to dismiss the complaint for insufficiency, is not available when raised for the first time upon appeal from an order vacating a dismissal of the complaint and granting a new trial.

In such an action, where the malicious prosecution complained of was the arrest on a criminal charge and the bringing of plaintiff before a magistrate, the evidence that upon his examination before the magistrate the plaintiff executed a

recognizance to appear before the Court of General Sessions, and that in such recognizance it was recited that there appeared to the justice to be probable cause to believe the plaintiff guilty, does not establish conclusively that the magistrate lost jurisdiction of the proceedings, or that there was probable cause, if there is also evidence that the recognizance was not intended to remove the proceedings, that the examination proceeded before the magistrate, and that the plaintiff was discharged.

Since the amendment to the Code in 1851, a judge at trial term may set aside a dismissal of a complaint, in an action tried before him with a jury.

APPEAL by the defendant from an order granting a motion for a new trial on the minutes, and setting aside a dismissal of the complaint, ordered at the trial of the cause before Judge JOSEPH F. DALY, and a jury.

The action was brought for the recovery of $5,000 damages for an alleged malicious prosecution by the defendant in causing the plaintiff's arrest on a complaint made before Charles A. Flammer, police justice in New York City, charging him with the crime of perjury in falsely swearing to an affidavit of justification in the sum of $2,000, as surety in an undertaking executed by him, on which an "injunction by order" was allowed by one of the judges of this court, in an action by the plaintiff against the defendant. It appeared, on the trial, that the plaintiff was arrested, as charged in the complaint, and on being taken before the magistrate entered into a recognizance to appear before the next Court of General Sessions, to be held in the city and county of New York, to answer to any indictment that might be prepared against him for said offense, and abide the order of the court and not depart therefrom. After the execution of his recognizance, the magistrate, after an examination of the evidence taken before him, discharged the plaintiff, and on doing so, indorsed on the proofs the following: "While a *prima facie* case of perjury is here presented, and it seems that the justification by the defendant on the undertaking was unwarranted, yet, by the facts set in the whole case as presented, it appears that the assumption by the defendant that he was a freeholder was not a sheer fabrication, but rested upon something that existed in the name of the defendant, which, of course, the complainant was not presumed

to know. The complaint, therefore, is dismissed, and the defendant discharged."

At the close of the plaintiff's evidence the defendant moved for a dismissal of the complaint, on the grounds that the decision of the magistrate established the fact that there was probable cause; that it appeared by the recognizance being executed that the magistrate lost jurisdiction, which was thereby transferred to the Court of General Sessions, and that the proceedings therefore, were not yet ended.

The complaint was thereupon dismissed.

*Francis Byrne*, for appellant.

*D. M. Porter*, for respondent.

CHARLES P. DALY, Chief Justice.—The complaint was, in my opinion, defective. The averment of without *just* or *proper* cause, was not equivalent to an averment of want of *probable* cause, for it does not necessarily express the same thing, and could not be substituted for it. But the objection is not available now. It should have been raised either by demurrer or by a motion, at the trial, to dismiss the complaint, as not containing an averment of a sufficient cause of action. (*Fay* v. *O'Neill*, 36 N. Y. 11.)

If it had appeared that, after the examination of the charge against the plaintiff, the police justice took a recognizance for the plaintiff's appearance at the next Court of General Sessions to answer any indictment that might be preferred against him, I should be prepared to hold that the justice could not then discharge him, but upon the entering into the recognizance that he had no further jurisdiction in the matter. But this is by no means clear upon the evidence, and the case does not essentially differ from *Fay* v. *O'Neill* (*supra*). In that case, as in this, the recognizance was for the appearance of the accused at the Court of Sessions; but Judge Parker said that it was inconsistent with what appeared by the entries in the minutes showing the adjournment; that the accused was bailed to appear for ex-

amination, and was, at the adjourned day, discharged; that the recognizance was never certified to the Court of Sessions, and was manifestly never used in any way; that it came into the case after the certificate of the clerk, authenticating the proceeding in the court only, without any authentication, and should be regarded as a paper having no significance; and Judge Porter said it was provisional, and fell when the prisoner was discharged; that it was not returned to the Court of Sessions, and that no indictment was found against the plaintiff.

It appears by the plaintiff's testimony in this case that he was arrested in July, and that, after being locked up, he was in the afternoon of the same day released upon bail; that the amount was $2,000 (which is the amount in the recognizance for his appearance at the Court of Sessions); that the justice, before whom the case came, was absent on vacation or for some other cause; and that the case was prolonged until the early part of October, when he was discharged.

The recognizance is dated on the 25th of July, 1874, and nothing appears in this case respecting it, except that it was found in a package of papers filed in the Police Court. In the same package was found the affidavits upon which the charge was made, and the examination of the plaintiff before the justice; both of which bear date of the same day as the recognizance—25th of July, 1874. There was also in the package a formal discharge of the plaintiff, signed by the justice, which was dated October 23d, 1874, nearly three months after the date of the affidavits, the plaintiff's examination, and the recognizance. As the recognizance was found on file in the Police Court, it evidently had never been returned to the Court of Sessions, as was the case in *Fay* v. *O'Neill* (*supra*). The discharge shows that the question of the plaintiff's guilt or innocence had been fully considered by the justice, as the discharge expresses it " upon the whole case as presented; " and he refers to circumstances exculpatory of the plaintiff, which do not appear in the affidavit of July 25, 1874, upon which the charge was made; nor in

the plaintiff's examination of that date, showing that there must have been a further investigation before the justice after that date; and further evidence, which may have been mislaid or lost, as appears to have been the case with the warrant upon which the plaintiff was arrested, which could not be found;—nothing having been found on file in the Police Court but the package with the papers above referred to. It may be that the recognizance in question was intended to be taken for the plaintiff's release on bail, pending the investigation of the case by the justice, and that by mistake a printed form for an appearance at the sessions was filled up, signed by the sureties, and acknowledged before the justice, instead of the printed form of recognizance used pending an examination. The plaintiff certainly did not understand that he had been committed for trial, and that his case was, when this recognizance was executed, to go before the grand jury; and that he, if a bill of indictment was found, was to appear at the general sessions, at the next term, for trial; for he swears distinctly that an examination was had on the day when he was released on bail in July; that the complainant testified on that hearing, and that he, the complainant, testified on a *subsequent examination;* and that the case was set down for examination *afterwards.* He further testified that he suffered great agony of mind in consequence of the arrest; and that, to add to his sufferings, the judge before whom the case came was absent; by which it was prolonged to the early part of October. The discharge was in the latter part of October, of which he says he was informed. All this shows that he understood that the matter was pending before the justice; and that the justice so considered it, appears by his signing his discharge on the 25th of October, with a statement of his reasons for dismissing the case. All these facts, I think, indicate that there must have been some mistake in respect to this recognizance; that the justice had not decided, as the recognizance recites, on the 25th of July, 1874, that there was probable cause to believe that the plaintiff was guilty, and had ordered him to find bail for his appearance at the general sessions. As was said in *Fay* v.

*O'Neill* (*supra*), the recognizance was inconsistent with the subsequent proceedings; was never certified to the Court of Sessions, and never used in any way. No indictment was found, and the instrument should be regarded, as the recognizance was in that case, as " a paper having no significance." The reasoning in that case fully applies to this; and though *Fay* v. *O'Neill* (*supra*) was not probably decided on that ground, for the objection was not taken in the court below, still the fact that the two judges of the Court of Appeals who delivered the opinions of the court in the case, examined the point, and concurred in their views respecting it, is entitled to great consideration; to which little can be added by saying, what is apparent upon reading the opinions, that the disposition which they made of the point was a just and proper one.

The objection is taken that the complaint having been dismissed, no motion could be made before the judge at the special term for a new trial; that the remedy was by an appeal to the general term, and we are referred to *Lusk* v. *Smith* (8 Barb. 575), in which Judge Gridley said: " It can hardly be doubted that all questions of law arising at the circuit were intended to be heard on appeal, and appeal only." This, however, was said under the Code as it then existed—1850—and before the enactment in 1851 of section 265, providing that motions for a new trial should be heard in the first instance at the special term. As no such provision as this existed in the Code of 1848, or the one of 1849, this remark of Judge Gridley has no bearing, the subsequent enactment having provided for the hearing of motions for a new trial upon exceptions otherwise than on appeal.

In *Jackson* v. *Fassitt* (33 Barb. 647), Judge Clerke said, that motions for new trials at the special term were evidently restricted to cases in which a verdict had been rendered in trials before juries, upon the ground that the chapter in which the section is contained, allowing motions for new trials at the special term, is headed, " Trials by Jury;" and all the provisions of that chapter, he says, apply only to

that form of trial. These observations are undoubtedly correct, if he meant thereby to distinguish between trials by jury and trials by the court; in which latter case, questions of fact and of law, before the enactment of the Code of the present year, could not be reviewed, except by an appeal to the general term.

In the present case, the trial was not by the court, but it was a trial by jury, in which, after the plaintiff had given all the evidence upon which he relied for a verdict in his favor, the judge, upon a motion made, when the plaintiff rested his case, decided that there was nothing for the jury to pass upon, and granted the motion to dismiss the complaint. The 265th section, under the chapter entitled "Trial by Jury," declares that a motion for a new trial, on a case or exceptions, must, in the first instance, be heard and decided at the circuit or special term. It does not restrict it to a motion for a new trial after verdict, but evidently contemplates that when a cause is heard before a jury, and a nonsuit is granted, or a verdict rendered, the motion for new trial must be made in the first instance at the circuit or the special term; which is more fully carried out by the last enactment of the Code, and applied even to trials by the court; section 1002 providing that in a case not specified in the three preceding sections, a motion for a new trial must, in the first instance, be heard and decided at the special term; with this qualification, however, that where it is founded upon an allegation of error, in a finding of fact, or ruling upon the law, made by the judge upon the trial, it must be heard before that judge, unless he is dead or his term of office has expired, or he specially directs the motion to be heard before another judge. In my opinion, Judge Daly, who tried the cause and dismissed the complaint, in a trial before a jury, had, by the express provision of section 265, as the Code then existed, the right to hear the motion for a new trial.

The order granting the new trial, therefore, should be affirmed.

VAN HOESEN, J., concurred.

Order granting new trial affirmed.