(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. MALICIOUS PROSECUTION—TERMINATION OF PROSECUTION—NECESSITY.

An action for malicious prosecution cannot be maintained unless the prosecution complained of has terminated favorably to plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Malicious Prosecution, § 72.]

2. SAME—MODE OF TERMINATION.

The termination of a criminal prosecution sufficient to authorize an action for malicious prosecution therefor may be either by acquittal or by dismissal or by a refusal of the prosecutor to proceed further, and it is generally sufficient to show that the prosecution has terminated so that there can be no further proceeding therein and no further prosecution for the alleged offense without the commencement of a new proceeding, though a termination brought about by fraud of the accused or by a compromise with his accuser or by any act or procurement on his part is not sufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Malicious Prosecution, § 71.]

3. SAME.

> The dismissal of a criminal prosecution, procured solely by the reason of accused becoming a fugitive and so remaining for such period that he cannot be brought to trial, is not such a termination of the prosecution in favor of accused as will support an action by him for malicious prosecution.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Malicious Prosecution, § 71.]

Appeal from Special Term.

Action by Siegmund E. Halberstadt against the New York Life Insurance Company. From an interlocutory judgment sustaining a demurrer to two affirmative defenses in the answer, defendant appeals. Reversed, and demurrer overruled.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN. CLARKE, and SCOTT, JJ.

James H. McIntosh, for appellant.
Samuel H. Guggenheimer, for respondent.

SCOTT, J.  The defendant appeals from an interlocutory judgment sustaining a demurrer to separate defenses in the answer.

The action is for malicious prosecution, and the complaint alleges that in 1892, in Mexico, the defendant's agent, at the request and instigation of the defendant, preferred a criminal charge against the plaintiff in the criminal court in the city of Mexico, and that thereupon a warrant was issued for the plaintiff's arrest.  The termination of the proceedings there instituted is thus alleged:

> "On or about the 12th day of November, 1906, by judgment of the said second criminal court of the city of Mexico, duly made and entered, the said criminal proceedings for the punishment of said plaintiff were dismissed and extinguished, and the said prosecution was thereby wholly determined, and the same was thereby wholly determined and ended in favor of the plaintiff."

The first separate defense demurred to alleges that the extinction and dismissal of the criminal proceedings against plaintiff was due wholly to the fact that at and about the time the warrant was issued, and before it was or could be served upon plaintiff, he left the Republic of Mexico, and thereafter continuously remained absent therefrom, and by such absence avoided being arrested under such warrant or being tried in such proceedings, and by reason of such absence was enabled to procure the dismissal of said proceedings under the law of Mexico on account solely of the lapse of time; that the said criminal proceedings was not dismissed on account of a determination of the case in favor of the plaintiff on a trial thereof on the merits, nor was it dismissed for failure to prosecute said case as above set forth, nor was it dismissed on account of any withdrawal of the complaint, nor for any other reason than by reason of the facts hereinbefore alleged, but any dismissal of the proceedings obtained herein was procured solely on account and by reason of the departure of the plaintiff from the said Republic of Mexico and his continuance beyond said jurisdiction.

The second defense demurred to reiterates the foregoing allegation, and alleges that the departure of the plaintiff from Mexico and

his remaining absent therefrom was for the purpose of avoiding arrest upon said warrant and avoiding a trial upon said charge, and that he thereby succeeded in avoiding arrest and a trial, and that the dismissal and extinction of said criminal proceedings and the determination thereof in favor of the plaintiff was solely due to the facts that said plaintiff had absconded and continued for such period to be a fugitive from justice, and because, by reason of the premises, said plaintiff could not be brought to trial and was never tried in said court to answer to said charge. It is a firmly established rule that an action for malicious prosecution cannot be maintained unless it appears that the prosecution complained of has terminated favorably to the complainant. Such a termination may be by acquittal or a dismissal of the charge, or by a refusal of the prosecutor to proceed further with the prosecution, and it is generally sufficient to show that the prosecution has terminated in any manner so long as that particular prosecution has so far ended that there can be no further proceeding therein, and no further prosecution for the alleged offense without the commencement of a new proceeding.

There is, however, another rule of law, which, as we consider, applies to the present case, and which sustains the defenses demurred to. That rule is that it is not a sufficient determination of the prosecution to sustain an action for malicious prosecution, if that determination has been brought about by a fraud on the part of the accused, or by a compromise with his accuser, or if he, by any act or procurement on his part, prevents a judicial investigation of the charge, or procures a dismissal thereof. Thus a nolle prosequi voluntarily entered by the prosecuting officer is a sufficient determination, but not one entered at the solicitation or by the procurement of the person accused. Langford v. B. & A. R. R. Co., 144 Mass. 431, 11 N. E. 697; Leyenberger v. Paul, 40 Ill. App. 516. The principle applied in these and like cases is that the discharge or acquittal must be by judicial action, or by the voluntary act of the prosecutor, under such circumstances as will indicate that the party accused had not avoided or prevented a judicial investigation.

The defenses attacked by the demurrer set up facts tending to show that the dismissal of the charge against the plaintiff was brought about in such a way that it cannot support an action for malicious prosecution. The defenses are such as must be affirmatively alleged in order to enable the facts to be proven at the trial.

The judgment appealed from must be reversed, and the demurrer overruled, with costs in this court and the court below, with leave to the respondent to withdraw the demurrer upon payment of said costs within 20 days. All concur.