(160 App. Div. 752)

### REIT v. MEYER.

(Supreme Court, Appellate Division, First Department. February 20, 1914.)

1. APPEAL AND ERROR (§ 889*)—RECORD.

Where it is not claimed that, so far as the opening statement of plaintiff's counsel in a prosecution for malicious prosecution was broader than the allegations of the complaint, in that the statement recited that the criminal trial had actually begun when the indictment was quashed, while the complaint did not so allege, evidence of that fact would not have been admissible, the complaint must be deemed to have been supplemented by the opening statement in determining the status of the case when the prosecution was terminated by quashing the indictment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3621, 3622; Dec. Dig. § 889.*]

2. MALICIOUS PROSECUTION (§ 35*)—TERMINATION OF PROSECUTION.

For more than eight months after an indictment for larceny was found against plaintiff he was ready and anxious for trial, but the district attorney's motion to discharge plaintiff's bail was granted over plaintiff's objection, and an indorsement thereof made on the indictment, and more than two weeks thereafter plaintiff moved the indictment for trial and announced ready for trial, whereupon the district attorney after investigating the facts stated that he would have to move to dismiss the indict-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment for want of evidence, and thereupon plaintiff's counsel moved that the indictment be quashed, which motion was granted. *Held*, that the prosecution terminated in favor of plaintiff within the rule requiring such a termination, in order to support an action for malicious prosecution, and without such termination having been procured by plaintiff, within the further rule that such an action will not lie where the termination of the prosecution was voluntarily procured as a matter of favor to defendant therein.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 71–77; Dec. Dig. § 35.*]

3. MALICIOUS PROSECUTION (§ 35*)—TERMINATION OF PROSECUTION—PROCURING TERMINATION BY DEFENDANT.

The rule that an action for malicious prosecution will not lie where the termination of the prosecution is procured by defendant therein only applies where the prosecution is terminated as a matter of favor as by defendant's request, and not as a matter of right, or where it is terminated by compromise with the district attorney, or through accused's fraud.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 71–77; Dec. Dig. § 35.*]

4. MALICIOUS PROSECUTION (§ 35*)—TERMINATION OF PROSECUTION—ABANDONMENT.

The abandonment of a prosecution is a sufficient determination thereof in plaintiff's favor to lay the foundation of an action for malicious prosecution.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 71–77; Dec. Dig. § 35.*]

Appeal from Trial Term, New York County.

Action by Anton J. Reit against Joseph Meyer. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Joseph T. Cashman, of New York City (William J. Dawley, of New York City, on the brief), for appellant.

Jay C. Guggenheimer, of New York City (Adam K. Stricker, of New York City, on the brief), for respondent.

LAUGHLIN, J. This is an action for malicious prosecution. The defendant was a member of the firm of Joseph Meyer & Co., which was engaged in the business of importing silk yarn, and the plaintiff was in their employ.

The sole point presented by the appeal is whether the allegations of the complaint supplemented by the opening of counsel for plaintiff sufficiently show that prior to the commencement of this action the alleged malicious prosecution had terminated in favor of the plaintiff, within the rule requiring such termination as a condition precedent to the maintenance of the action for malicious prosecution.

The plaintiff alleges in substance that, at the instigation of the defendant, he was charged with grand larceny in stealing goods of defendant's firm in conjunction with one Schutzman, of the value of $100, and a warrant was procured from a magistrate upon which he was arrested and arraigned and after a hearing held to answer pending

the presentation of the charge to the grand jury, and that he was indicted and arraigned on the indictment before the Court of General Sessions on the 10th day of March, 1911, and pleaded not guilty. The plaintiff further alleges that he "was then, and ever since has been, ready and anxious to stand trial of said indictment; but the district attorney acting in and for the county of New York, after consulting defendant and in compliance with his request against the will and protest of plaintiff, did, on or about the 13th day of November, 1911, move the said Court of General Sessions of the County of New York that the bail in this case, which plaintiff had given for his appearance at the trial, be discharged, and the same was duly indorsed upon the said indictment against plaintiff"; and that thereafter he "was ready and anxious to stand the trial on said indictment, but, because of the failure of the district attorney of the county of New York to bring him to trial, he moved the Court of General Sessions on the 27th day of November, 1911, to dismiss the indictment against the plaintiff, and the same was dismissed on said day by Otto A. Rosalsky, judge of the Court of General Sessions of the County of New York, without opposition from the district attorney, and the dismissal of said indictment was allowed and entered on record in said court." It is then alleged that the indictment, complaint, and prosecution, and each of them, "is wholly ended and determined in favor of plaintiff in the manner set forth" in the complaint as herein quoted.

Counsel for the plaintiff, in his opening, stated as bearing on the termination of the prosecution that the plaintiff "was later indicted by the grand jury and held for trial. The case came to the point of trial, on the motion of the counsel for Reit, and, when it was answered ready for trial, the district attorney, after hearing the testimony of Schutzman, and part of Reit's testimony, stated that he would move to discharge the bail, and that he would move to dismiss the indictment, as there was no case upon which to hold Reit, the plaintiff. He then moved to discharge the bail, and on motion of the counsel for Reit, the then defendant, now the plaintiff, the indictment was quashed." Counsel for the defendant, in moving to dismiss on the opening and for judgment in favor of the defendant on the pleadings on the ground that the complaint fails to state a cause of action, said that his point was:

"That it appears on the face of the complaint, and is now likewise stated by counsel in his opening statement, that the criminal prosecution was terminated by the procurement of the person accused, who is the plaintiff in this case.. Your honor will recall first the statement which my adversary made, that on motion of counsel for Reit the court quashed the indictment, superseded by that statement that the case was moved for trial by Reit's counsel, and after it had been moved for trial he then moved for a dismissal. Now we practically find the same thing in the complaint. I particularly call the court's attention to that part of the complaint. My understanding of the law is that there must not only be a termination of a criminal prosecution, but there must be a favorable termination."

One statement in the opening of counsel for the plaintiff herein on the trial of the indictment would seem to indicate that, after he moved the case for trial, the trial was actually entered upon and witnesses

were sworn and examined. The statement of counsel for the defendant in moving to dismiss does not indicate that it was so understood. It is quite probable therefore that the opening remarks of counsel on that point had reference to the testimony in the return of the committing magistrate and to the reading thereof. In the view I take of the case, I shall assume that the trial of the plaintiff under the indictment was not entered upon.

[1] It is not claimed, however, that in so far as the opening is broader than the allegations of the complaint the evidence would not have been admissible; and therefore on this appeal the complaint must be deemed supplemented by the opening of counsel for the plaintiff.

[2] It thus appears that the plaintiff charges that he had been ready and anxious for trial at all times after the indictment was found against him, for a period of more than eight months, when on the 13th day of November, 1911, the district attorney moved to discharge the bail which the plaintiff had been required to give for his appearance for trial, and the motion was granted against his objection, and an indorsement thereof was made on the indictment; that two weeks thereafter, the district attorney having failed so to do, the plaintiff moved the indictment for trial and announced that he was ready for trial; and that thereupon the district attorney, after inquiring into the facts, announced, in effect, that he would be obliged to move to dismiss the indictment, inasmuch as there was no case against plaintiff, and thereupon counsel for plaintiff moved that the indictment be quashed, and the motion was granted.

[3] It is well settled that, where the termination of the prosecution has been procured by the party against whom the prosecution was instituted, an action for malicious prosecution will not lie (Halberstadt v. N. Y. Life Ins. Co., 125 App. Div. 830, 110 N. Y. Supp. 188, affirmed 194 N. Y. 1, 86 N. E. 801, 21 L. R. A. (N. S.) 293, 16 Ann. Cas. 1102; Langford v. Boston & Albany R. R., 144 Mass. 431, 11 N. E. 697; Atwood v. Beirne, 73 Hun, 547, 26 N. Y. Supp. 149; Gallagher v. Stoddard, 47 Hun, 101. That rule, however, is on principle applicable only where the prosecution has been terminated as a matter of favor as by his request, and not as a matter of right, or where it has been terminated as the result of a compromise or other arrangement with the district attorney, or through fraud, collusion, or connivance on the part of the accused. In the case at bar, the plaintiff charges that, after the people at the instance of the defendant had indicted him and held the indictment over him for the period of more than eight months, then the district attorney after conferring with the defendant discharged the bail, but still continued to hold the indictment over him and would not move it for trial, and that he himself was obliged, in order to have the prosecution terminated, to move the court for the trial of the indictment, and when he did so and announced to the court that he was ready for trial the district attorney informed the court, in effect, that he did not have sufficient evidence to warrant him in further prosecuting the indictment and that he would be obliged to move for the dismissal thereof, and that thereupon, without waiting for a motion by the prosecuting attorney, counsel for the plaintiff himself

moved that the indictment be quashed, and the motion was granted. The plaintiff, having been indicted, was entitled to a speedy trial. He could not have a judicial determination of the facts favorable to him unless the people saw fit to present evidence against him. The most that he could do was to insist upon a trial or on the dismissal of the indictment. See section 668, Code of Criminal Procedure.

[4] It has been held that the abandonment of a prosecution is a sufficient determination thereof to lay the foundation of an action for malicious prosecution. Fay v. O'Neill, 36 N. Y. 11; Strehlow v. Pettit and another, 96 Wis. 22, 71 N. W. 102; Waldron v. Sperry, 53 W. Va. 116, 44 S. E. 283. If therefore counsel for the plaintiff had waited and permitted the district attorney to carry out his expressed intention of moving to dismiss the indictment, it is clear that there would have been an abandonment of the prosecution. It is contended, however, that since counsel for the plaintiff submitted his rights to the court and insisted that he was entitled to a trial or to have the prosecution terminated, not as a matter of discretion or favor, but as a matter of right, the plaintiff is debarred from maintaining an action for malicious prosecution. I am of opinion that, in the circumstances of this case, the prosecution had terminated favorably to the plaintiff, within the rule applicable to actions for malicious prosecution, and that an application to the court by a party indicted for a trial or the dismissal of the indictment as matter of right is not the procurement by him of the termination of the prosecution within the rule which precludes the maintenance of an action for malicious prosecution where the accused has procured the termination of the prosecution. See Judge Hiscock's opinion in Halberstadt v. N. Y. Life Ins. Co., supra, 194 N. Y. at pages 10 and 11, 86 N. E. 801; also, Holliday v. Holliday, 123 Cal. 26, 55 Pac. 703; Swensgaard v. Davis, 33 Minn. 368, 23 N. W. 543. It may be said that the defendant had no control over the prosecution of the indictment. That is equally true with respect to the trial of an indictment, and yet a verdict of acquittal, or the voluntary abandonment of the prosecution by the people, is, as has been seen, a termination of the prosecution favorable to the accused. If, notwithstanding the termination of the prosecution, the plaintiff was guilty of the crime, that is a defense to the action for malicious prosecution, and neither the termination of the prosecution by the acquittal of the accused, nor otherwise, is binding on the defendant. See Schultz v. Greenwood Cemetery, 190 N. Y. 276, 83 N. E. 41.

It follows therefore that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.