■ In the Matter of Morris L. Markel et al., Respondents, v Markel Electric Products, Inc., Appellant. (Appeal No. 2.)—Appeal dismissed as moot. (Appeal from order of Erie Supreme Court—resettle order.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.

■ Charles Chmielewski, Appellant, v Denise R. Smith, Also Known as Denise R. Stone, Respondent.—Order unanimously reversed, without costs, and motion denied. Memorandum: The sole issue on this appeal from an order granting defendant's motion for summary judgment in an action for malicious prosecution is whether the prior prosecution terminated in favor of the plaintiff. The prior criminal action was based on a misdemeanor complaint signed by the defendant accusing the plaintiff of having committed the crime of reckless endangerment in the second degree. That action was dismissed in the Town of Parish Justice Court upon the plaintiff's motion apparently because the complaint did not state facts sufficient to support the charge. In order to sustain a cause of action for malicious prosecution the plaintiff must show that the prior prosecution terminated in his favor. An acquittal obviously is a termination favorable to the plaintiff, but other dispositions will also support a malicious prosecution action (36 NY Jur, Malicious Prosecution, § 20 *et seq.;* 52 Am Jur 2d, Malicious Prosecution, § 29 *et seq.;* Restatement, Torts 2d, § 659; Prosser, Torts [4th ed], § 119, pp 838-839). Termination by dismissal for lack of insufficiency of evidence *(Robbins v Robbins,* 133 NY 597), discharge after dismissal of extradition proceedings *(Keller v Butler,* 246 NY 249) and dismissal for lack of a speedy trial *(Reit v Meyer,* 160 App Div 752) have been held to be proper foundations upon which to lay a claim for malicious prosecution. So long as the determination in some way involved the merits of the case and was not procured by fraud or trick on the part of the plaintiff, it will be sufficient *(Halberstadt v New York Life Ins. Co.,* 194 NY 1) to resist a motion for summary judgment in an action for malicious prosecution. In this case the Trial Justice apparently determined that the accusatory instrument did not state all the elements of the crime charged. Since the accusatory instrument was dismissed, and not amended as required when the defect can be cured (see CPL 170.35, subd 1, par [a]), the reasonable inference is that there was insufficient information to support the charge. Similar to a discharge on failure of a Grand Jury to indict, this dismissal for lack of evidence to prosecute, if such was the case, is a termination favorable to plaintiff (CPL 170.45, 210.45; Restatement, Torts 2d, § 659). (Appeal from order of Oswego Supreme Court—summary judgment.) Present —Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.