RONALD M. LENEHAN, Appellant-Respondent, v JOSEPH FAMILO et al., Respondents-Appellants.

Fourth Department, February 13, 1981

APPEARANCES OF COUNSEL

*Hoffmann, Hubert & Hoffmann (Terrance J. Hoffman* of counsel), for appellant-respondent.

*Shanley & Sullivan (John T. Sullivan* of counsel), for respondents-appellants.

OPINION OF THE COURT

DILLON, P. J.

It is succinctly said that a "malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure" *(Burt v*

*Smith*, 181 NY 1, 5; see *Munoz v City of New York*, 18 NY2d 6, 9). Mindful of that artful expression of the essential elements of this civil action for malicious prosecution brought by one against whom a criminal proceeding was impelled by another, we are asked on appeal to decide whether plaintiff satisfied his burden of proof.

Plaintiff and defendant Joseph Familo owned summer residences on adjacent properties in the Town of Sandy Creek. The animus between them and among members of their respective families was apparent for some time prior to June 6, 1976. It appears that their dogs were similarly hostile and on that date the dogs began fighting on plaintiff's property. As plaintiff and defendant Mark Familo, then 16 years old, were attempting to separate the dogs, plaintiff, by Mark's account, struck Mark with a bamboo rake, causing injury to his hand and wrist.

Mark reported the incident to his father, Joseph, who immediately called the State Police. Upon being advised by the responding trooper of their right to make a citizen's arrest, defendants arrested plaintiff, who was then taken in a State Police car to a substation in Pulaski where he was fingerprinted, booked and given an appearance ticket before being returned to his summer home.

On June 18, 1976 Mark Familo filed an accusatory instrument charging plaintiff with assault in the third degree (Penal Law, § 120.00, subd 1). On October 29, 1976 plaintiff moved to dismiss the charge on the ground that he was not afforded a speedy trial. That motion was granted by the Town Justice on November 15, 1976. The order dismissing the complaint recited that "the People were not ready for trial * * * within the specified time limitation set forth in Section 30.20 [sic] of the Criminal Procedure Law."

Plaintiff thereafter instituted this action in which the jury awarded him compensatory damages of $3,100 for malicious prosecution; $2,500 for false arrest; and punitive damages in a lump sum of $3,500 on both causes of action. The jury also found no cause of action on defendant Mark Familo's counterclaims for assault and negligently caused physical injury.

These are cross appeals from a posttrial order which set aside the verdict for malicious prosecution and for punitive damages, but otherwise denied defendants' motion. To the extent that the jury's verdict was set aside, the order must be reversed and the verdict reinstated.

A cause of action for malicious prosecution is established when the plaintiff proves the commencement or continuation of a criminal proceeding against him by the defendant; the termination of the proceeding in favor of plaintiff; the absence of probable cause for the proceeding; and actual malice *(Martin v City of Albany*, 42 NY2d 13, 16; *Broughton v State of New York*, 37 NY2d 451, 457; *Oakley v City of Rochester*, 71 AD2d 15, 18, affd 51 NY2d 908).

Although several issues are raised on this appeal, only two require our attention. In setting aside the verdict for malicious prosecution, the trial court determined that plaintiff had failed to prove actual malice and had failed to show that the prior criminal proceeding had terminated in his favor. The court erred in both rulings, the first of which is deserving of only brief comment. The testimony showed a history of bitterness and friction between the two families. That history included name-calling, ethnic slurs and an earlier boundary line dispute. It was entirely reasonable, therefore, for the jury to infer that defendants had acted out of pure malice for a purpose other than that of bringing an offender to justice (see Restatement, Torts 2d, § 653).

The more difficult issue, and one which has proved judicially troublesome (see, e.g., *Heaney v Purdy*, 29 NY2d 157), arises from the requirement that plaintiff prove a favorable termination of the underlying criminal proceeding. In our view, plaintiff's uncontroverted proof at trial that the criminal charge was dismissed "for lack of prosecution" was sufficient demonstration that the proceeding was terminated in his favor. Indeed, it appears that the issue was wholly uncontested at trial, a circumstance which prompted the court during trial to find as a matter of law that the proceeding had been favorably terminated. The issue was never submitted to the jury and there was neither objection made nor exception taken to the court's charge in

that regard. Although defendants submitted requests to charge, none was directed to that issue.

On defendants' posttrial motion, the parties stipulated nonetheless that the court could consider plaintiff's motion papers seeking dismissal for lack of speedy trial, as well as the decision and order of the Justice Court, in determining the nature and quality of the dismissal. In his motion papers plaintiff had asserted that he was not responsible for the delay and he demonstrated that the People were not ready within the prescribed time period (CPL 30.30, subd 1, par [b]). There was no appearance in opposition to the motion and while the order dismissing the criminal charge refers to CPL 30.20, its clear import is that it was based upon the provisions of CPL 30.30 (subd 1, par [b]).

Although we find that plaintiff's proof at trial was sufficient to satisfy his burden on this issue, his stipulation that the court could consider the underlying motion papers and the decision and order of the Justice Court brings before us the question of whether a dismissal on speedy trial grounds is a favorable termination such as will support a malicious prosecution action.

There being no factual dispute as to the circumstances of the dismissal, the issue is one of law *(Loeb v Teitelbaum,* 77 AD2d 92, 98; Restatement, Torts 2d, § 673; cf. *Chmielewski v Smith,* 73 AD2d 1053; *Reit v Meyer,* 160 App Div 752). The criminal charge was dismissed on the unopposed motion of plaintiff and there is no evidence to indicate any misconduct or other impropriety on plaintiff's part in seeking the dismissal. He exercised a statutory right founded upon the unexplained and unexcused failure of the People to pursue the prosecution. Ordinarily, where the termination of a criminal prosecution has been *procured* by the accused, an action for malicious prosecution will not lie. That rule is not applicable, however, where the termination was brought about as a matter of right and without fraud, deception or other misconduct on the part of the accused *(Dorak v County of Nassau,* 329 F Supp 497, affd 445 F2d 1023; *Halberstadt v New York Life Ins. Co.,* 194 NY 1; *Reit v Meyer, supra;* Restatement, Torts 2d, § 660).

The order of the Justice Court dismissing the charge is final and no appeal having been taken, further prosecution of plaintiff on the assault charge is precluded *(People v Prosser,* 309 NY 353; *People v Scerbo,* 91 Misc 2d 97). We thus conclude that plaintiff met his burden of proving favorable termination of the underlying criminal proceeding (see Restatement, Torts 2d, § 659, subd [f]).

In reaching this determination we are not unmindful of public policy considerations which circumscribe the scope of malicious prosecution as a civil remedy *(Broughton v State of New York,* 37 NY2d 451, 457, *supra; Rawson v Leggett,* 184 NY 504, 512). While "all persons should feel secure in the right to resort to courts for the apprehension and punishment of crimes" *(Rawson v Leggett, supra,* p 512), that societal interest does not extend so far as to compel one charged with a criminal offense to waive his constitutional or statutory right to a speedy trial in order to preserve his right to civil retribution for a demonstrated wrong (cf. *Loeb v Teitelbaum,* 77 AD2d 92, 102, *supra).*

We have reviewed the other issues raised by defendants and find them to be without merit.

The order should be modified in accordance with this opinion and the verdict of the jury should be reinstated in all respects.

CARDAMONE, HANCOCK, JR., CALLAHAN and SCHNEPP, JJ., concur.

Order unanimously modified and as modified, affirmed, with costs to plaintiff, in accordance with opinion by DILLON, P. J.